UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALEXANDRA R.,[1]

                           Plaintiff,         Case # 20-CV-6737-FPG

v.                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

## INTRODUCTION

Plaintiff Alexandra R. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 15. For the reasons that follow, Plaintiff's motion, ECF No. 12, is GRANTED, the Commissioner's motion, ECF No. 15, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In October 2016, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 68. She alleged disability since May 2015 due to the following conditions: depression, anxiety, border line personality disorder, trouble concentrating, muscle spasm, entire

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

1

body pain, lethargy, and fibromyalgia. Tr. 69-70. In August 2019, Administrative Law Judge T. Kim ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 15-30. On July 31, 2020, the Appeals Council denied Plaintiff's request for review. Tr. 1-7. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.     District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or

medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 10, 2015, the alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff had the severe impairment of fibromyalgia. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 24

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with the following exertional and non-exertional limitations:

> [Plaintiff] can frequently operate hand controls, reach, handle, finger, and feel with both upper extremities. [Plaintiff] can occasionally push or pull or operate foot controls with both lower extremities. [Plaintiff] can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. [Plaintiff] can never climb ladders, ropes and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. [Plaintiff] can tolerate occasional exposure to vibration. In addition, [Plaintiff] is able to understand, carry-out, and remember simple instructions, and make simple work related decisions.

Tr. 25.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 28. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 29-30. The ALJ therefore found that Plaintiff is not disabled. Tr. 30.

## II.   Analysis[3]

Plaintiff raises two arguments regarding the ALJ's evaluation of the medical opinions of two treating physicians: Dr. Jean Nickels and Dr. Natercia Rodrigues. Specifically, she asserts that the ALJ erred in (1) failing to evaluate the opinion of Dr. Nickels; and (2) assigning limited weight to the opinion of Dr. Rodrigues. ECF No. 12-1 at 11. Because the Court finds that remand is required based upon Plaintiff's first argument, it does not reach Plaintiff's second argument.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source

---

[3] Plaintiff's claim was filed in October 2016. Therefore, the amendment to the regulations that applies to claims filed after March 27, 2017, does not apply to this case. *See Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021) ("The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded.").

examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(1)-(6).

Plaintiff argues that the ALJ erred in failing to consider a January 3, 2019 treatment note from Dr. Nickels which, according to Plaintiff, was a medical opinion.  ECF No. 12-1 at 12.  In response, the Commissioner does not dispute that the ALJ failed to consider the January 3, 2019 treatment note, but argues that "[e]ven assuming Dr. Nickels' treatment [note] should have been treated as opinion evidence by the ALJ, any failure to do so was harmless because the conclusions were consistent with the RFC for sedentary work."  ECF No. 15-1 at 7-8.

In her January 3, 2019 treatment notes, Dr. Nickels indicated that "[t]here is no contraindication to [Plaintiff] working 15 hours a week," however Plaintiff "should be expected to need 1-2 day periods off during flares of her fibromyalgia."  Tr. 864.  Dr. Nickels opined that Plaintiff "should not lift over 35 pounds at work especially repetitively"; and "should not lift more than 15 pounds below the knees or over the shoulders"; and "[w]ork should not interfere with her ability to continue to go to the gym for her exercises.  *Id.*

Plaintiff contends that, while an ALJ's failure to weigh a medical opinion may be harmless in some instances, Dr. Nickels' opinion here "contains limitations more restrictive than found in the RFC finding, including absence-related limitations relating to flares, the inability to work more than 15 hours per week, and the need to exercise due to fibromyalgia symptoms."  ECF No. 16 at 7.  The Court agrees.

5

The ALJ's failure to abide by the treating physician rule with respect to Dr. Nickels' opinion is not harmless error given that the opined likely absences from work for 1 to 2 day periods during flares, and the need to schedule work so as not to interfere with required exercises, "may well have affected both the ALJ's formulation of Plaintiff's RFC and the ultimate disability determination" had the ALJ considered these opined limitations.  *See Sanabria v. Comm'r of Soc. Sec.*, 20cv00906 (DF), 2022 WL 976874, at *26 (S.D.N.Y. March 31, 2022).

On remand, the ALJ is directed to consider the opinion of Dr. Nickels and, in the event he determines that Dr. Nickels' opinion should be discounted, he must set forth good reasons for assigning less than controlling weight to Dr. Nickels' assessment of Plaintiff's need for absences from work during flares and for a work schedule that accommodates her need to perform exercises. Furthermore, he should clarify how often such flare-related absences are expected to occur—this is critical in light of Plaintiff's testimony that her "flare-ups . . . could often leave her incapacitated for days or weeks."  Tr. 26.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 15, is DENIED and Plaintiff's Motion for Judgment on the Pleadings, ECF No. 12, is GRANTED.  This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 25, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York